## KANSAS CITY LIFE INS. CO. v. RENDLEMAN.

### No. 9098.

Circuit Court of Appeals, Fifth Circuit.

Dec. 1, 1939.

E. L. Klett, of Lubbock, Tex., for appellant.

George S. Berry and W. D. Benson, Jr., both of Lubbock, Tex., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

The appellee recovered a judgment in the court below against the Kansas City Life Insurance Company upon a policy of insurance upon the life of her husband. The Company appeals and insists here that the district court erred in failing to sustain a motion for a directed verdict in its behalf.

We do not stop to consider a contention of appellee that the motion did not point out the specific grounds therefor, and for that reason was properly refused, but shall proceed at once to dispose of the appeal on the merits of the case.

Certain facts are undisputed. The policy was issued and delivered; premiums were paid for a while, but payments were not kept up; the insured is dead, and his widow claims that prior to his death he became totally and permanently unable to do any work or engage in any occupation or employment for profit, which disability, she insists, required the Company to waive the payment of each premium as it thereafter became due. The policy is in evidence, and contains the following provision:

"Should the insured, before attaining the age of 60 years and while this policy is in full force and effect and no premium thereon in default, become so disabled as to be totally and permanently unable to do any work or engage in any occupation or employment for wages or compensation or profit; or, suffer the complete loss of the sight of both eyes, or the use of both hands or both feet, or one hand and one foot, the Company will waive the payment of each premium that may become payable thereafter under this policy; and, in addition to the benefits provided herein, pay the insured the sum of $10.00 per month for each $1000.00 of the face amount of insurance under this policy, the first payment of Thirty Dollars to be made immediately upon receipt of due proof of such disability or loss and a like sum on the first day of each month thereafter during the life of the insured, or until the maturity of this policy as an endowment."

After all the evidence was introduced, the case was submitted to a jury and a verdict rendered in behalf of appellee. The verdict establishes as true the contention of appellee that, while the policy was in force and effect, the insured became so disabled as to be totally and permanently unable to do any work; that he was suffering from a progressive psychosis which affected his mind to such an extent that he did not know the contents of the insurance contract or his legal rights thereunder; and that this condition continued without interruption from May 1, 1932, to the date of

his death. There was substantial evidence to support the verdict; indeed the jury might have found for either side. It found for the appellee, and we do not think its finding should be disturbed.

The charge of the court was full, fair, and correct. There are no new or interesting legal questions involved. The real issues were wholly factual, and the jury's verdict settled them. The judgment appealed from is affirmed.